FILED
Apr 29, 2021
09:13 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **WENDY CUNNINGHAM,** | ) | **Docket No.: 2019-05-1358** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TRUSTPOINT HOSPITAL, LLC,** | ) | **State File No.: 48297-2018** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the Court on April 22, 2021, for an Expedited Hearing on whether Ms. Cunningham is entitled to return to Dr. Frank Thomas, her original authorized treating physician, for a potential referral for treatment of an alleged mental injury suffered while working for Trustpoint Hospital. For the reasons below the Court cannot find that she is likely to prove her need for treatment arose primarily out of and in the course and scope of her employment. However, Ms. Cunningham is entitled to a return visit to Dr. Thomas.

## History of Claim

While Ms. Cunningham was working for Trustpoint on June 15, 2018, a patient assaulted her. She reported an injury to her right hand and wrist. Trustpoint provided treatment with Dr. Thomas at an occupational medicine clinic until he referred her to an orthopedic specialist.

After that referral, Ms. Cunningham treated with an orthopedic surgeon, Dr. Lucas Richie, until the next March. Dr. Richie's treatment included de Quervain's release surgery. When Ms. Cunningham's pain continued, Dr. Richie referred her for a second opinion.

1

On Dr. Richie's referral, Trustpoint provided a panel of orthopedic specialists, and Ms. Cunningham selected Dr. Douglas Weikert. Dr. Weikert treated Ms. Cunningham but did not think she was a surgical candidate. He released her with no permanent restrictions at maximum medical improvement, saying: "I will see her back in [the] clinic on an as needed basis from here on out. . . I have instructed the patient to notify me immediately for any clinical change."

Ms. Cunningham changed employers a couple of times after the injury. In the fall of 2019, she began experiencing panic attacks when she was left alone with patients. She asked to return to Dr. Thomas, but Trustpoint denied her request.

Ms. Cunningham requested an expedited hearing, seeking an order allowing her to return to Dr. Thomas for an evaluation of whether she needed psychiatric/psychological treatment. The Court denied the request, finding that Dr. Weikert was still the authorized treating physician and that he had made no referral to Dr. Thomas.

Ms. Cunningham later filed this second Request for Expedited Hearing. Relying on a new questionnaire response from Dr. Weikert, she again requested a return to Dr. Thomas to determine whether she needed a psychiatric referral. Dr. Weikert's responses to the questionnaire confirmed the following:

1) He released Ms. Cunningham on April 10, 2019, to return on an "as needed" basis;
2) He considered his treatment of Ms. Cunningham to be concluded; and,
3) She should return to the occupational medicine clinic for follow up "[i]n the event Ms. Cunningham has any other issues that arise which she claims may be related to her on-the-job injury and are outside the scope of orthopedic complaints."[1]

Trustpoint then denied Ms. Cunningham's entire claim. It contended that she presented no evidence that she would likely prove an injury that arose primarily out of and in the course and scope of her employment.[2] It also argued that she is not entitled to return to Dr. Thomas because Dr. Weikert's questionnaire responses do not constitute a referral.

---

[1] In addition to the questionnaire, the parties introduced voluminous medical records. Because none of those records is determinative of the issues before the Court, it will not summarize them here.

[2] Trustpoint also argued that, even if she established a compensable injury, Ms. Cunningham's current physical condition (including the need for surgery that Trustpoint already provided) is the result of several intervening incidents since the original event. It also maintained that she failed to provide adequate notice of a mental injury. As neither of these arguments relates to the issues before the Court, it will not address them.

**Findings of Fact and Conclusions of Law**

Ms. Cunningham must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Causation*

To prove a compensable injury, Ms. Cunningham must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that she must prove a work-related incident identifiable by time and place of occurrence. Further, she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, Ms. Cunningham described a specific, work-related incident: she was assaulted by a patient. This testimony was unrebutted. Therefore, the Court holds Ms. Cunningham is likely to establish a specific incident, identifiable by time and place, at a hearing on the merits.

The Court must next determine whether Ms. Cunningham is likely to prove at a hearing on the merits that this incident was the primary cause of her current need for treatment. The parties introduced many medical records into evidence, but none contains a medical opinion about the cause of Ms. Cunningham's past or current symptoms. The Court therefore has no medical evidence regarding the cause of any of Ms. Cunningham's alleged physical or mental injuries. Without that evidence, she has not proven "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

But the lack of proof regarding medical causation does not end the analysis. Where an employee presents sufficient evidence to support that a work event resulted in injury, that evidence may support an order compelling an employer to provide treatment with the panel doctor. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).

Trustpoint insisted that Ms. Cunningham is not entitled to additional treatment because she made a full recovery from her physical injury. It asserted she had no problems until her hours increased at a later employer, she injured herself at home, and she injured herself working for a different employer. These contentions are not relevant because Ms.

3

Cunningham is not seeking additional treatment for her physical injury. Rather, she seeks a return to her authorized doctor to determine whether she should be referred for psychiatric treatment.

Regarding the psychiatric claim, Trustpoint argued that Ms. Cunningham's panic attacks and other symptoms are attributable to a later employer, as they did not begin until long after she changed jobs. As a result, it contended her alleged mental injury could not have occurred in the course of her employment with Trustpoint. Setting aside the possibility that symptoms of a mental injury might not be immediately apparent, Trustpoint's argument suffers from the same deficiency as Ms. Cunningham's claim: it has no medical proof supporting its position. Although a year has passed since the first expedited hearing order, neither party offered a causation opinion on this issue.[3] The Court is therefore constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016). Similarly, parties cannot rely solely on their own medical interpretations to support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Ms. Cunningham's situation is analogous to *Lewis*, where the Workers' Compensation Appeals Board held that an employee's proof of back pain after three days of operating a vacuum cleaner was sufficient to support an order that the employer provide a panel of physicians. *Lewis,* at *7-9. Of course, the difference in this case is that Ms. Cunningham claims to have suffered a mental injury. This complicates the analysis because she is not entitled to psychiatric treatment unless her authorized doctor makes that referral. Tenn. Code Ann. § 50-6-204(h). None of the authorized physicians referred her for psychiatric treatment, so the only relief available to her is a return to one of the authorized doctors for the purpose of determining whether a psychiatric referral is appropriate.

Thus, the question is whether Ms. Cunningham provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to return to her panel physician for this purpose. As noted above, Ms. Cunningham has proven a specific, work-related event. She alleged it caused a mental injury for which Trustpoint has provided no treatment. As a result, the Court finds she has presented sufficient evidence of a work event resulting in injury to compel Trustpoint to provide treatment with a panel doctor.

This brings the Court to the crux of Ms. Cunningham's request: whether she may return to

---

[3] Ms. Cunningham argued that medical proof is unnecessary in this case because she suffered an obvious injury. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (medical evidence is not required to establish a causal relationship, "in the most obvious, simple and routine cases"). The Court disagrees. Unlike a broken bone, determining the cause of a psychiatric or psychological condition is not a simple and routine process. Further, judges are not well-suited to make independent medical determinations without expert medical testimony. *Lurz,* at *16-18.

4

Dr. Thomas. Tennessee Code Annotated section 50-6-204(a)(3)(E) provides that, where the treating physician has referred the employee to a specialist physician, the specialist physician shall become the treating physician until treatment by the specialist physician concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel.

Under this section, Dr. Weikert became the authorized treating physician. The question then is whether he referred Ms. Cunningham back to her first treating physician, Dr. Thomas. The Court finds that he did.

Trustpoint contended that Dr. Weikert's questionnaire is insufficient. The Court disagrees. A careful reading shows that it included the necessary referral. Dr. Weikert stated that his treatment of Ms. Cunningham had concluded and that she should return to the original clinic where she treated for any non-orthopedic issues. Ms. Cunningham testified that she was experiencing non-orthopedic symptoms, and the Court found her unrebutted testimony credible. Under these circumstances, the Court finds that Dr. Weikert's responses operate as a referral back to Dr. Thomas.

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) requires that an injured employee give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the injury or that the employee had a reasonable excuse for any failure to provide notice.

Trustpoint contended that Ms. Cunningham failed to give notice of her mental injury because she did not report any psychiatric symptoms until her attorney filed the first Petition for Benefit Determination. However, Tennessee Code Annotated section 50-6-201(a)(3) provides that the failure to give timely notice will not bar compensation "unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." Because Trustpoint presented no evidence of prejudice to its ability to defend this claim or provide proper medical treatment, the Court holds Ms. Cunningham is likely to prevail at a hearing on the merits on the issue of notice.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Trustpoint shall authorize a return visit for Ms. Cunningham with Dr. Thomas.

2. This case is set for a Status Hearing on July 27, 2021, at 9:00 a.m.  Please call toll-free at 855-874-0473 to participate.  Failure to call or appear might result in a determination of the issues without your further participation.  All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 29, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dr. Weikert's response to February 11, 2020 questionnaire
2. Joint compilation of evidence

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Trustpoint's Pre-Hearing Brief
5. Trustpoint's Amended Witness and Exhibit List
6. Ms. Cunningham's Legal Brief in Support of Petition for Medical Benefits

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on April 29, 2021.

| Name | Certified Mail | Via Email | Service sent to: |
|------|----------------|-----------|------------------|
| Christopher D. Markel, Employee's attorney | | X | cmarkel@markelfirm.com |
| Marcia Dawn McShane, Employee's attorney | | X | mmcshane@constangy.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7